IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOSSA LTD., ICELANDICPLUS LLC and STEVEN BARLOW,<br>    Plaintiffs,<br><br>v.<br><br>I JIAN LIN and<br>ENCOMPASS COMMUNICATIONS, INC.,<br>    Defendants, | Case No. **1:16-cv-11914**<br>  (Massachusetts Superior Court, Suffolk County, C.A. No. 1684-CV-02726<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** |

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT IN AND FOR THE

DISTRICT OF MASSACHUSETTS

PLEASE TAKE NOTICE THAT Defendants in the above-entitled matter hereby remove to this Court the state court action described below.

Defendants I Jian Lin ("Lin") and Encompass Communications, Inc. ("Encompass") (collectively, "Defendants"), hereby give notice that this action is removed to the United States District Court for the District of Massachusetts from the Massachusetts Superior Court, Suffolk County.  Pursuant to 28 U.S.C. § 1441, Defendants state as follows:

**State Court Action:**  Lin and Encompass are named as defendants in a civil action filed in the Massachusetts Superior Court, Suffolk County, styled *Fossa Ltd., IcelandicPlus LLC and Steven Barlow v. I Jian Lin and Encompass Communications, Inc.*, C.A. No. 1684-CV-02726.

**Commencement of State Court Action:**  The state court action was commenced when Plaintiffs filed their Complaint in the Massachusetts Superior Court, Suffolk County, on September 1, 2016.

**Record in State Court:**  The following pleadings, as are available in the file of the state court action, encompass all of the pleadings in this action as of the date hereof:

1) Summons;
2) Complaint;
3) Civil Action Cover Sheet;
4) Attorney appearances, Valentin David Gurvits, Esq. and Matthew Shayefar, Esq., for all Defendants.

The state court docket, Summons, Complaint, and Civil Action Cover Sheet are attached hereto as **Exhibit A**.

**Federal Question is Basis for Federal Court Jurisdiction:**  The Complaint asserts claims against all Defendants based on civil violations of the Racketeering and Corrupt Practices Act ("RICO").  Specifically, Count IX of the Complaint asserts claims against the Defendants based on 18 U.S.C. § 1962(c), citing predicate acts under 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1957 (Monetary Transactions in Property Derived from Specified Unlawful Activity), and 18 U.S.C. § 1956 (Laundering of Monetary Instruments).  Count X of the Complaint asserts RICO Conspiracy claims against the Defendants under 18 U.S.C. § 1962(d).

The Complaint also asserts state law claims for Breach of Fiduciary Duty (Count I, against Defendant Lin); Breach of Contract (Count II, against Defendant Lin); Unjust Enrichment (Count III against Lin and Encompass); Fraudulent Misrepresentation (Count IV, against Lin and Encompass); Embezzlement (Count V, against Lin and Encompass); Conversion (Count VI, against Lin and Encompass); Civil Conspiracy (Count VII, against Lin and Encompass); and Accounting (Count VIII, against Lin and Encompass).  This Court has subject-matter jurisdiction over these state law claims under 28 U.S.C. § 1367 (Supplemental Jurisdiction) because these claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

**Nature and Description of Case:**  This action seeks monetary damages for alleged

breach of fiduciary duty, breach of contract, unjust enrichment, fraudulent misrepresentation, embezzlement, conversion, civil conspiracy, accounting, Civil RICO (18 U.S.C. § 1962(c)), and RICO Conspiracy (18 U.S.C. § 1962(d), all arising out of a business relationship between Plaintiffs and Defendants relating to the importation and sale of Icelandic lamb horns to be sold in the United States as dog treats.

**Applicable Statutes:**  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  This action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.  This removal is timely in that Defendants have filed this Notice of Removal within 30 days of the date of filing of the Complaint (September 2, 2016).

**Concurrent Notice to State Court:**  Defendants are concurrently filing a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court, Suffolk County, pursuant to 28 U.S.C. § 1446(d).

**Stipulation of Extension of Time to Answer or Otherwise Respond to the Complaint**:  As of the date of this filing, Plaintiffs have not filed returns of service in the Massachusetts court, and have agreed not to do so.  Plaintiffs have further agreed to the professional courtesy of a 30-day extension of the time to answer or otherwise respond to the Complaint, to and including October 4, 2016.

DATED this 21 day of September, 2016.

/s/ Mitchell J. Matorin
Mitchell J. Matorin (BBO#649304)
**MATORIN LAW OFFICE, LLC**
18 Grove Street, Suite 5
Wellesley, MA 02482
T:  (781) 453-0100

        F:  (888) 628-6746
        E:  mmatorin@matorinlaw.com

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to counsel for Plaintiffs on September 21, 2016, via first-class mail, as follows:

    Valentin D. Gurvits
    Matthew Shayefar
    Boston Law Group, PC
    825 Beacon Street, Suite 20
    Newton Centre, MA 02459

        /s/ Mitchell J. Matorin