IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FOSSA LTD., ICELANDICPLUS LLC and
STEVEN BARLOW,
                    Plaintiffs,

v.

I JIAN LIN and
ENCOMPASS COMMUNICATIONS, INC.,
                    Defendants,

Case No. **1:16-cv-11914**

**ANSWER OF I JIAN LIN AND
ENCOMPASSCOMMUNICATIONS, INC.**

For their Answer to the Complaint, Defendants I Jian Lin ("Lin") and Encompass

Communications, Inc. ("Encompass") (collectively "Defendants"), respond as follows:

1.      Defendants lack personal knowledge and information of the facts alleged in

Paragraph 1 of the Complaint sufficient to admit the truth of the matters asserted; however,

Defendants admit the allegations in Paragraph 1 upon information and belief.

2.      Defendants lack personal knowledge and information sufficient to form a belief as

to the truth of the matters alleged in Paragraph 2 of the Complaint; however, Defendants admit

the allegations in Paragraph 2 upon information and belief.

3.      Defendants lack information sufficient to form a belief as to the truth of the

matters alleged in Paragraph 3 of the Complaint and therefore deny them.

4.      Admitted.

5.      Admitted.

6.      Admitted.

## FACTS

7.      Defendants lack information sufficient to form a belief as to the truth of the

matters asserted in Paragraph 7 of the Complaint as to Plaintiff Barlow, and therefore deny them.

Defendants admit that prior to March 2013 and thereafter to the present, Defendant Lin is a marketing, branding, and strategic planning consultant who does business through Encompass Communications, Inc. d/b/a BrandIntent.

8.       Denied.

9.       Defendants admit that in or around March of 2013, Defendant Lin approached Plaintiff Barlow to discuss Barlow's potential investment in an Icelandic company named Murr Ehf., for which Encompass had been providing consulting services in connection with the development of a business relating to pet supplies, and which had encountered financial difficulties.  Defendants deny all other allegations of this Paragraph.

10.      Defendants admit that in or about March of 2013, Defendant Lin approached Barlow to discuss Barlow's potential investment in Murr, Ehf., for which Encompass had been providing consulting services, but deny that Lin and Barlow pursued any business opportunity in relation to Murr, Ehf. together.

11.      Defendants admit that, on or about May 1, 2013, Barlow and Murr Ehf. entered into a consulting agreement (the "Murr Consulting Agreement"), to which neither Defendant was a party.  A true and correct copy of the Murr Consulting Agreement is attached as **Exhibit 1** hereto.  Defendants deny all other allegations of this Paragraph.

12.      Defendants admit that Murr Ehf.'s United States affiliate, Murr, Inc., intended to sell Murr pet food products in the United States and elsewhere.  Defendants deny all other allegations in this Paragraph.

13.      Denied.

14.      Defendants admit the allegation in the first sentence of Paragraph 11 that Barlow and Lin attempted to locate third-party investors to provide financing to grow Murr Ehf.'s United

States business through its affiliate, Murr, Inc.  Defendants further admit on information and belief the allegation in the second sentence of this Paragraph that Murr, Ehf. decided to stop pursuing opportunities to expand their business in the United States due to financial difficulties, but lack information sufficient to form a belief as to the truth of all other matters stated in the second sentence of this Paragraph, and therefore deny them.  Defendants lack information sufficient to form a belief as to the truth of the matters asserted in the third and fourth sentences of this Paragraph, and therefore deny them.  Defendants admit on information and belief the allegation in the fifth sentence of this Paragraph that Murr, Ehf. filed for bankruptcy in Iceland.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 14.

15.     The allegations in Paragraph 15 of the Complaint are legal conclusions under Icelandic law as to which no response is required.  To the extent they may be deemed allegations of fact, Defendants lack information sufficient to form a belief as to the truth of the matters asserted, and therefore deny them.

16.     Defendants admit that Barlow agreed to provide funding to permit the sale of Murr, Inc. inventory in the United States. Defendants deny the allegations in the second sentence of Paragraph 16.  Defendants lack information sufficient to form a belief as to the truth of all other matters alleged in Paragraph 16, and therefore deny them.

17.     Defendants admit that Barlow provided financing for expenses related to the maintenance, processing, and hoped-for eventual sale of Murr products stored in the United States and Canada.  Except as expressly admitted, Defendants deny the allegations of Paragraph 17.

18.     Defendants admit that Lin, through his own longstanding and considerable efforts and contacts, had already established connections with individuals and potential partners and

vendors in Iceland, the United States, Canada, and China, and otherwise created business connections with the intent of furthering the business interests of Murr, Inc. Defendants specifically deny that any funds advanced by Barlow "gave Lin the opportunity" to make such connections. Defendants admit that Barlow loaned certain sums in connection with the maintenance, processing, and hoped-for eventual sale of Murr products stored in the United States in Canada. Except as expressly admitted, Defendants deny the allegations of Paragraph 18.

19.     Defendants lack information sufficient to form a belief as to the truth of the matters asserted in Paragraph 19, and therefore deny them.

20.      The allegations in Paragraph 20 are so vague as to be incapable of being admitted or denied, and Defendants therefore deny them.

21.     Defendants admit that, due to short-dating and spoilage issues, the Murr products were unable to be sold as had been hoped-for and that the products had to be, and were, disposed of.

22.     Denied.

23.     Defendants admit that in or about the summer of 2014, Defendant Lin explained to Barlow his idea, developed on his own after working for several years in Iceland in connection with Murr and on other projects, of processing and importing Icelandic lamb horns that otherwise would be treated as biological waste from the Icelandic lamb industry into the United States for sale as dog treats (the "Lamb Horn Business"). Defendants deny that Barlow played any role in "identifying" the Lamb Horn Business opportunity, which was exclusively Lin's idea. Defendants deny all other allegations in this Paragraph. Defendants further deny that Barlow

played any role in "identifying" any other business opportunities beyond the Lamb Horn

Business.  Defendants deny all other allegations in this paragraph.

      24.    Denied.  Further answering, Defendants admit that Barlow proposed and took the

lead role in creating certain business entities in connection with the Lamb Horn Business,

including Plaintiff Fossa, Ltd. (Anguilla), Fossa, Ehf. (Iceland), IcelandicPLUS, Ehf. (Iceland)

and IcelandicPLUS, LLC (Delaware), each of which was owned equally by Plaintiff Barlow and

Defendant Lin.  Defendants deny that they had any role in determining the corporate entities and

locations used, instead following Barlow's instructions while Defendant Lin focused on activities

in Iceland and in the United States to bring Lin's idea for the Lamb Horn Business to fruition.

Defendants lack information sufficient to form a belief as to the specific purpose of Fossa Ltd. in

the Lamb Horn Business, but deny that it was "the entity which they formed to pursue the

Icelandic business opportunities in Iceland."  Further answering, Defendants state that despite the

formation of Fossa, Ltd. (Anguilla), Fossa Ehf. (Iceland), IcelandicPLUS, Ehf. (Iceland) and

IcelandicPLUS, LLC (Delaware), for much of the relevant time period, Barlow insisted that Lin

carry on the Lamb Horn Business through Lin's consulting company, Encompass

Communications, Inc. rather than through the entities that Barlow had determined to set up,

ostensibly because those entities lacked bank accounts.

      25.    Defendants admit that IcelandicPLUS LLC was incorporated in Delaware.

Defendants lack information sufficient to form a belief as to the specific purpose of

IcelandicPLUS LLC in implementing Lin's idea for the Lamb Horn Business, and therefore deny

all other allegations of Paragraph 25.  Further answering, Defendants state that despite the

formation and existence of Fossa, Ltd. (Anguilla), Fossa Ehf. (Iceland), IcelandicPlus, Ehf.

(Iceland) and IcelandicPLUS LLC (Delaware), for much of the relevant time period, Barlow

insisted that Lin carry on the Lamb Horn Business through his consulting company, Encompass Communications, Inc. rather than through the entities that Barlow had determined to set up, ostensibly because those entities lacked bank accounts.

26.     The allegations in Paragraph 26 are not allegations of fact but Plaintiffs' characterization of their Complaint and therefore require no response; to the extent they may be deemed allegations of fact, they are denied.

27.     Admitted.

28.     Upon information and belief, Defendants deny the allegations in Paragraph 28. Further answering, Defendants state upon information and belief that the nominal sole stock owner and sole officer and/or manager of Fossa, Ltd. is one John Benjamin ("Benjamin"), on behalf of AGM International, Ltd., of Anguilla.  Defendants further understand that Benjamin holds said stock in trust for Plaintiff Barlow and Defendant Lin, each of whom is the beneficial owner of 50% of said stock, and may only act in accordance with the instructions of both stock owners.  Attached as **Exhibit 2** hereto is a true and correct copy of a Declaration of Trust, confirming *inter alia* that Benjamin is the nominee for the owners of the stock of Fossa, Ltd., "one half owned by each" of Plaintiff Barlow and Defendant Lin and that he may only act in accordance with their instructions.  Defendants lack information concerning the officers and/or managers of IcelandicPLUS, LLC, as they have never received any information about that corporation's structure from Plaintiffs.

29.     Defendants deny that Plaintiff Barlow loaned any money to Fossa, Ltd. (Anguilla) or IcelandicPLUS, LLC (Delaware) prior to the incorporation of either such entity. Defendants admit that Barlow advanced certain funds in connection with bringing to fruition Lin's idea of the Lamb Horn Business.  Defendants deny all other allegations in this Paragraph.

30.    Denied.

31.    Defendants admit that Lin used funds advanced by Barlow in connection with the Lamb Horn Business reasonably and for the purpose of developing and implementing his idea of the Lamb Horn Business.  Defendants further state that, prior to their incorporation, and thereafter on the supposed basis that Fossa, Ltd. (Anguilla), Fossa, Ehf. (Iceland), IcelandicPLUS, Ehf. (Iceland), and IcelandicPLUS LLC (Delaware) had no bank accounts, Barlow initially advanced such funds through Defendant Encompass's corporate bank account (the "Primary Account").  Defendants further state that Barlow subsequently requested that Lin establish a bank sub-account (the "Sub-Account") for Encompass, into which Barlow would deposit, *inter alia*, funds for use in developing and implementing Lin's idea of the Lamb Horn Business, and that such funds were in fact used for such purposes.  Defendants further state that Barlow deposited substantial additional funds into the Sub-Account and subsequently directly or in conjunction with others working in concert with him withdrew those additional funds, and that Barlow used those additional funds for his own purposes, including, on information and belief, to hide funds from Barlow's wife (whom on information and belief Barlow was or is in the process of divorcing), to purchase the services of prostitutes, to fund Barlow's lifestyle and to provide personal gifts to various of Barlow's girlfriends, and to further Barlow's own business ventures, including on information and belief, illegal cockfighting businesses in Puerto Rico.

32.    Defendant Lin admits that he used funds deposited into the Primary Account and subsequently into the Sub-Account reasonably and for the purpose of pursuing his idea of the Lamb Horn Business.  Defendants deny the implication in this Paragraph that Lin used such funds for any improper purposes.

33.     Defendants lack information sufficient to form a belief as to the truth of the matters asserted in the first sentence of this Paragraph, and therefore deny them. The allegations in the second sentence of this Paragraph are so vague as to be incapable of being admitted or denied, and therefore Defendants deny them.

34.     Defendants admit that Lin used funds deposited by Barlow solely for the purpose of pursuing his idea of the Lamb Horn Business.  Defendants deny the implication in this Paragraph that Lin used such funds for any improper purpose.  Defendants deny all other allegations in this Paragraph.

35.     Denied.  Further answering, Defendants state that the allegations in Paragraph 35 refer to the terms of a certain Agreement Regarding the Distribution of Funds, dated April 5, 2015, by and between Steven Barlow, I Jian Lin, Fossa, Ltd., and Fossa, Ehf., a true and correct copy of which is attached hereto as **Exhibit 3**  (the "Agreement Regarding the Distribution of Funds").  The terms of that Agreement, which was an adhesion contract imposed upon Lin and prepared at the request and direction of Barlow by Plaintiffs' initial (now withdrawn) counsel of record in this matter, who was also counsel for each of the corporate entities described herein, speak for themselves.

36.     Denied.  Further answering, Defendants state that the allegations in Paragraph 36 refer to the terms of the Agreement Regarding the Distribution of Funds, which terms speak for themselves.

37.     Defendants admit that the Plaintiffs agreed to reimburse Lin for any expenses incurred in connection with pursuing Lin's idea of the Lamb Horn Business.  Defendants further admit that, on the supposed basis that Fossa, Ltd. (Anguilla), Fossa, Ehf. (Iceland), IcelandicPLUS Ehf. (Iceland) and IcelandicPLUS LLC (Delaware) had no bank accounts and at

Barlow's insistence, Barlow periodically deposited funds into the Sub-Account, *inter alia* for Lin's use in connection with the Lamb Horn Business, either to reimburse expenses already incurred or to pay for anticipated expenses.  Defendants further admit that Barlow agreed that Lin's expenses incurred in connection with the Lamb Horn Business would be reimbursed by Barlow, but deny that Barlow did so in full.

38.     Defendants admit that Lin would pay expenses associated with the Lamb Horn Business using funds from the Encompass Primary Account and/or Encompass's or Lin's credit cards, and that he would periodically request that Barlow reimburse him for those expenses, but state that Barlow did not always agree to reimburse those expenses and/or substantially delayed or refused reimbursements.

39.     Defendants state that Lin provided all information that Barlow requested in connection with his expenses to the best of his ability, but denies that there was any requirement that he provide formal detailed expense reports, bank records, or receipts.

40.     Defendants admit that Exhibits 2, 3, 4, and 5 are portions of certain email communications between Barlow and Lin, which emails speak for themselves.  Defendants deny that these emails represent the sum total of the communications between Barlow and Lin concerning expenses for the Lamb Horn Business.  Defendants further note that Exhibit 4 appears to contain redacted information, the contents of which are presently unknown to Defendants.  Except as explicitly admitted herein, Defendants deny the allegations in this Paragraph.

41.     Denied.  Further answering, Defendant specifically deny that Lin provided fraudulent explanations of his expenses and reimbursement requests and further specifically deny that Plaintiffs had been paying Defendants for Lin's personal expenses or expenses not otherwise

related to the Lamb Horn Business.  Further responding, Defendants deny that Plaintiffs had either access to or the legal right to access Encompass's bank account records.  To the extent that Plaintiffs have obtained access to certain of Encompass's bank account records, said access was obtained through illegal or otherwise improper means.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendants lack information sufficient to form a belief as to the truth of the matters asserted in Paragraph 45 and therefore deny them.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Defendants deny that they used funds advanced by Barlow for purposes other than legitimate business expenses in connection with the Lamb Horn Business.

50.     Defendants deny each of paragraphs 50.a – 50.o, inclusive, except that Defendants admit that Exhibits 6-19 are portions of bank statements, which documents speak for themselves.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Defendants lack information sufficient to form a belief as to the truth of the matters asserted in Paragraph 55 and therefore deny them.

56.     Denied.

57.     Defendants lack information sufficient to form a belief as to the truth of the matters asserted in this Paragraph, and therefore deny them.

58.     Denied.

59.     Denied.

60.     Defendants admit that Lin traveled to Iceland in connection with the Lamb Horn Business on or around February 2, 2015 through February 13, 2015.  Defendants further admit that Exhibit 21 is an incomplete part of a bank statement, which document speaks for itself. Defendants deny all other allegations in this Paragraph.

61.     Defendants admit that Exhibit 21 is an incomplete portion of a bank statement, which portion shows certain transactions, including those listed in this Paragraph.  Defendants deny all other allegations in this Paragraph.  Defendants specifically deny that Exhibit 21 shows any improper expenditure of funds advanced by Barlow for the Lamb Horn Business.

62.     Defendants admit that Lin travelled to Iceland in connection with the Lamb Horn business on or about July 1 through July 14, 2015.  Defendants admit that Exhibit 22 is an incomplete portion of a bank statement, which document speaks for itself.  Defendants deny all other allegations in this Paragraph.

63.     Defendants admit that Exhibit 22 is an incomplete portion of a bank statement, which portion shows certain transactions, including those listed in this Paragraph.  Defendants deny all other allegations in this Paragraph.  Defendants specifically deny that Exhibit 22 shows any improper expenditure of funds advanced by Barlow for the Lamb Horn Business.

64.     Denied.

65.     The allegations in this Paragraph are so vague as to be incapable of admitting or denying, and therefore Defendants deny them.

66.     Defendants admit that the quoted language is excerpted from an email dated January 20, 2015 attached as Exhibit 23 to the Complaint, which document speaks for itself. Defendants deny all other allegations of this Paragraph.

67.     Denied.

68.     This Paragraph characterizes an email dated February 16, 2015 attached as Exhibit 24 to the Complaint, which document speaks for itself.  Defendants deny all other allegations of this Paragraph.

69.     Defendants deny that "Fossa," whether defined as Fossa, Ltd., Fossa, Ehf., IcelandicPlus, LLC or IcelandicPlus, Ehf., or any combination thereof, hired a bookkeeper; rather, Defendants state that they learned that Barlow had hired a bookkeeper without consulting with Lin as 50% owner of the foregoing corporations and without his authorization.  Exhibits 25 and 26 are emails dated April 11, 2015 and August 10, 2015, the latter of which appears to have been partially redacted for reasons unknown to Defendants, and which documents speak for themselves.  Defendants deny all other allegations in this Paragraph.

70.     Defendants admit that Exhibit 27 is one page of a 14-page bank statement, which document speaks for itself.  Further answering, Defendants admit that on or about June 1, 2015, the Icelandic development agency Vaxtasamningur Vestfjarda deposited $2,743.96 into the bank account a portion of which is attached as Exhibit 27.

71.     Denied.

72.     Denied.

73.     Defendants admit that one of Lin's many contacts in Iceland, with whom he had built a personal and business relationship and been in contact with since long prior to his involvement with Barlow as part of his prior work in Iceland, was Shiran K. Porisson. Defendants deny all other allegations of this Paragraph.

74.     Denied.  Further responding, Defendants state that Mr. Shaw is a childhood friend of Lin and a venture capitalist who has long monitored Lin's business activities for potential investments.

75.     Defendants lack information sufficient to form a belief as to the matters asserted in this Paragraph, in that it alleges that "the business with Mr. Shaw" was "a Fossa opportunity" without in any way describing or otherwise stating what "the business" is alleged to have been. Further answering, Defendants deny that any business opportunities that Mr. Shaw may or may not have explored was a "Fossa business opportunity."  Defendants further deny that they worked with Mr. Porisson to "usurp" any Fossa business opportunity whatsoever for themselves.

76.     Defendants admit that Paragraph 76 partially quotes from an email dated July 28, 2015 attached as Exhibit 28 to the Complaint, which document speaks for itself.  Except as explicitly admitted, Defendants deny the allegations of this Paragraph.  Further responding, Defendants state that Mr. Shaw is a childhood friend of Mr. Lin and a venture capitalist who has long monitored Lin's business activities for potential investments.  Defendants explicitly deny the implication in this Paragraph that any meeting with Mr. Shaw was in connection with or "usurped" any "Fossa business opportunity."

77.     Denied.

78.     Denied.  Further responding, Defendants admit that in December 2015, Lin traveled to Iceland, and that he was accompanied by his girlfriend, Hadley Pollet, and his children, but denies that this was a "family trip" or that Defendants in any way hid the trip.

79.     Denied.  Further responding, Defendants state that Ms. Pollet and Lin's children were there to provide substantial assistance to Lin in connection with the Lamb Horn Business. Without limitation, Defendants note that Lin's son is an Emmy Award-winning videographer and that he, with the assistance of Ms. Pollet and Lin's daughter, produced significant amounts of business promotional videos during this trip.  Defendants deny that Lin "expensed the trip to Fossa" and specifically deny that either "Fossa" or Barlow paid any expenses associated with his children, who paid their own expenses and put in substantial amounts of time and effort with no reimbursement in an effort to assist Lin in developing the Lamb Horn Business.  Defendants deny all other allegations in this Paragraph.

80.     Denied.

81.     Defendants admit that, in addition to the Lamb Horn Business, based on his experience and contacts developed during his several years of work in Iceland prior to any involvement with Barlow, Lin developed the idea of importing Icelandic fish skins and other fish-related products to the United States for use as pet treats.  Defendants further admit that Lin and Barlow discussed this possible future business at various points.  However, Defendants state that this possible future business was unrelated to the Lamb Horn Business for which Barlow had provided funding, and further state that Barlow repeatedly denied interest in pursuing Lin's idea for fish skin products because he wanted to focus on the Lamb Horn Business.  Defendants deny that "Fossa, Barlow and Lin discussed and had plans to expand the business of Fossa" to any other items sourced from Iceland beyond the Lamb Horn Business.

82.     Defendants admit that Barlow and Lin had various conversations over a period of time, in which Lin tried to interest Barlow in developing Lin's fish skin product idea, but state that Barlow repeatedly denied interest in pursuing this idea because he wanted to focus on the Lamb Horn Business instead.  Defendants admit that Exhibits 29-31 attached to the Complaint are emails that Lin sent to Barlow in his fruitless effort to convince Barlow to help him pursue his fish skin idea, which documents speak for themselves.  Defendants lack information as to the nature of the material redacted from Exhibit 31 and deny that redaction was proper.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Defendants admit that Exhibit 32 is an incomplete copy of an email that Mr. Porisson erroneously emailed to Lin at his Fossa email address and incorrectly referred to Lin's fish skin idea as a Fossa project, which error Lin promptly corrected, as Barlow had repeatedly denied interest in Lin's fish skin product idea.

87.     Defendants admit that Lin promptly and accurately informed Mr. Porisson to correct his error and to inform him that Lin's fish skin product idea was not a Fossa project. Defendants deny all other allegations in this Paragraph.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Defendants admit that a discussion about potentially selling some Murr products to a Chinese purchaser occurred in or about March 2014.  Defendants deny all other allegations of this Paragraph.

94.     The allegations of Paragraph 94 about "the China deal" are so vague as to be incapable of admission or denial, and therefore Defendants deny them.  Further responding, Defendants admit that Lin told Barlow that the potential Chinese purchaser would not purchase the Murr products.

95.     Defendants admit certain Murr products were subsequently sold to a Chinese purchaser including some that were rotten, and that other Murr products could not be sold because they were rotten, and therefore they were destroyed.  Defendants admit that that Exhibit 34 attached to the Complaint is a portion of a bank statement, which document speaks for itself, and that it shows an incoming wire transfer from Zenwotronic Enterprises in the amount of $46,130.00 on May 21, 2014.  Defendants further state that these funds were used to pay for Murr-related expenses, including but not limited to two warehouses, warehouse workers, utilities, sales support, and packaging materials, and that Defendant Barlow was aware of these costs.  Defendants deny all other allegations in this Paragraph.

96.     Defendants lack information sufficient to form a belief as to the truth of the matters asserted in Paragraph 96 with respect to Exhibit 35, including the accuracy of the screenshot, the website referred to, the nature or origin of the products displayed (including whether they may have originated from Murr in Iceland), and whether the displayed products are actually Murr products or are counterfeits, and therefore deny them.  Further answering, Defendants deny that Lin sold Murr products to the referenced website.

97.     Defendants deny that there was any revenue to "share" with Barlow in that the referenced funds were used to pay for Murr-related expenses, including but not limited to two warehouses, warehouse workers, utilities, sales support, and packaging materials and that Defendant Barlow was aware of these expenses.  Defendants deny all other allegations in this Paragraph.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

**COUNT I**
**Breach of Fiduciary Duty**
**Plaintiffs Against Lin**

104.    Defendants incorporate by reference their responses to the preceding Paragraphs as if expressly stated herein.

105.    The allegations in this Paragraph are legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

106.    Denied.

107.    Denied.

108.    Denied.

**COUNT II**
**Breach of Contract**
**Plaintiffs Against Lin**

109.    Defendants incorporate by reference their responses to the preceding Paragraphs as if expressly set forth herein.

110.    The allegations in this Paragraph are so vague as to be incapable of admission or denial, and therefore Defendants deny them.  Further answering, Defendants admit that Barlow, Fossa, Ltd., Fossa, Ehf., and Lin are parties to the Agreement for Distribution of Funds, attached as **Exhibit 3** hereto, which document speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

111.    The allegations in this Paragraph are so vague as to be incapable of admission or denial, and therefore Defendants deny them.  Further answering, Defendants admit that Barlow, Fossa, Ltd., Fossa, Ehf., and Lin are parties to the Agreement for Distribution of Funds, attached as **Exhibit 3** hereto, which document speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this Paragraph.

112.    The allegations in this Paragraph purport to characterize the terms of the Agreement for Distribution of Funds, attached as **Exhibit 3** hereto, which document speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this Paragraph, and Defendants specifically deny the implicit allegation that Lin used funds advanced by Barlow for purposes unrelated to the Lamb Horn Business or for personal or other purposes.

113.    Denied.

114.    The allegations in this Paragraph purport to characterize the terms of the Agreement for Distribution of Funds, attached as **Exhibit 3** hereto, which document speaks for itself.  Defendants otherwise deny the allegations of this Paragraph, and Defendants specifically deny the implicit allegation that Lin took any action that caused damage to Fossa's assets, business, or goodwill.

115.    Denied.

116.    Denied.

117.    Denied.

## **COUNT III**
## **Unjust Enrichment**
## **Plaintiffs against Defendants**

118.    Defendants incorporate by reference their responses to the preceding Paragraphs as if expressly stated herein.

119.    Denied.

120.    Denied.

121.    Denied.

## **COUNT IV**
## **Fraudulent Misrepresentation**
## **Plaintiffs against Defendants**

122.    Defendants incorporate by reference their responses to the preceding Paragraphs as if expressly stated herein.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Defendants admit that the expenses for which they requested reimbursements from Barlow were for the purpose of the Lamb Horn Business.  Defendants deny all other allegations of this Paragraph.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

**COUNT V**
**Embezzlement**
**Plaintiffs against Defendants**

132.    Defendants incorporate by reference their responses to the allegations of the

preceding paragraphs as if expressly set forth herein.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

**COUNT VI**
**Conversion**
**Plaintiffs Against Defendants**

137.    Defendants incorporate by reference their responses to the preceding Paragraphs

of the Complaint as if expressly stated herein.

138.    Denied.

139.    Denied.

140.    Denied.

**COUNT VII**
**Civil Conspiracy**
**Plaintiffs against Defendants**

141.    Defendants incorporate by reference their responses to the preceding Paragraphs

of the Complaint as if expressly stated herein.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

## COUNT VIII
### Accounting
### Plaintiffs against Defendants

146.    Defendants incorporate by reference their responses to the allegations in the preceding Paragraphs of the Complaint as if expressly stated herein.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

## COUNT IX
### Violation of RICO, 18 U.S.C. § 1962(c)
### Plaintiffs against Defendants

152.    Defendants incorporate by reference their responses to the allegations in the preceding Paragraphs of the Complaint as if expressly stated herein.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

## COUNT X
## RICO CONSPIRACY, 18 U.S.C. § 1962(d)
### Plaintiffs against Defendants

175.    Defendants incorporate by reference their responses to the preceding Paragraphs of the Complaint as if expressly stated herein.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Defendants deny that there is any conspiracy from which to withdraw or otherwise disassociate themselves.

180.    Denied.

181.    Denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint in whole or in part fails to state a claim for which relief may be granted.

2.      The Complaint should be dismissed in whole or in part because Plaintiff has failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

3.      The Complaint should be dismissed because, to the extent that Plaintiff suffered any damages, they were caused by Plaintiffs, and not by Defendants.

4.      Plaintiffs' claims are barred by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the doctrine of equitable estoppel.

6.       Plaintiffs' claims are barred by failure of consideration.

7.      Plaintiffs' claims are barred by fraud.

8.      Plaintiffs' claims are barred by the doctrine of waiver.

9.      Plaintiffs' claims are barred by the statute of frauds.

10.      Plaintiffs failed to mitigate their alleged damages.

11.      Plaintiffs' claims for damages are subject to setoff and/or recoupment.

12.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

13.      Plaintiffs' claims are barred in whole or in part for lack of standing.

14.      Plaintiffs' claims are barred for failure to join necessary parties.

15.      Plaintiffs' claims are barred on the basis of improper venue.


WHEREFORE, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY DEMAND

Defendants and Counterclaim-Plaintiffs demand a jury trial of all issues so triable.


Dated: November 7, 2016                           Respectfully submitted,


                                                  /s/ Mitchell J. Matorin
                                                  Mitchell J. Matorin (BBO#649304)
                                                  Matorin Law Office, LLC
                                                  18 Grove Street, Suite 5
                                                  Wellesley, MA 02482
                                                  T:  (781) 453-0100
                                                  F:  (888) 628-6746
                                                  E:  mmatorin@matorinlaw.com

                                                  *Counsel for Defendants I Jian Lin and
                                                  Encompass Communications, Inc.*

## **Certificate of Service**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on November 7, 2016.

Thomas M. Ciampa
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116


/s/ Mitchell J. Matorin