## AGREEMENT REGARDING THE DISTRIBUTION OF FUNDS

This **Agreement Regarding the Distribution of Funds** (this "Agreement") dated April 05, 2015 (the "Effective Date") is by and between Steven Barlow ("Barlow"), I Jian Lin ("Lin") and Fossa Ltd., an Anguilla international business company and Fossa Enterprises ehf, an Icelandic privately owned corporation ("Fossa").

### Recitals

**WHEREAS**, Barlow and Lin are the sole ultimate beneficial owners of Fossa, wherein Barlow owns 50% of the shares of Fossa and Lin owns 50% of the shares of Fossa;

**WHEREAS**, prior to, during and after the incorporation of Fossa, including during its operations, Barlow has loaned Fossa significant amounts of money in order to fund Fossa and its business and operations;

**WHEREAS**, the Parties estimate that Barlow has expended, invested, loaned and/or paid at least $278,910.97 to date (and ongoing) to or for Fossa and its business and operations;

**WHEREAS**, prior to beginning the business and operations of Fossa, Barlow and Lin pursued a business opportunity with a company called Murr, pursuant to which Barlow expended at least $40,214.01 as well;

**WHEREAS**, the Parties agree that Barlow shall have a security interest in Fossa and its assets and shall be reimbursed for all of his costs and expenses in a preferential manner from all revenue from Fossa all as detailed here until such time as he has recovered all costs and expenses;

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and other valuable consideration received, and with the intent to be legally bound, the Parties hereto agree as follows:

1. **Initial Barlow Recovery**. The "Initial Barlow Recovery" shall be defined herein as the repayment to Barlow of all amounts he has invested in Fossa, loaned to Fossa, paid for on behalf of Fossa or otherwise expended in relation to Fossa and its business and operations, including, without limitation, (i) repayment for any negative tax implications suffered by Barlow as a result of acquiring the funds to do the foregoing, whether by selling assets he held or otherwise, and (ii) amounts continued to be expended by Barlow in connection with Fossa following the execution of this Agreement.

2. **Lin Recovery**. The "Lin Recovery" shall be defined herein as the repayment to Lin of all amounts he has invested in Fossa, loaned to Fossa, paid for on behalf of Fossa or otherwise expenses in relation to Fossa and its business and operations, including, without limitation, amounts continued to be expended by Lin in connection with Fossa following the execution of this Agreement.

 

1

3.  **Final Barlow Recovery**. The "Final Barlow Recovery" shall be defined herein as the repayment to Barlow of all amounts he invested into, loaned for, paid for on behalf of and otherwise expended in relation to the Murr business opportunity, including, without limitation, amounts paid to or on behalf of Encompass Communications in relation to the Murr business opportunity.

4.  **Exclusions**. The Initial Barlow Recovery, the Lin Recovery and the Final Barlow Recovery shall specifically exclude payment or repayment for any services rendered or time expended by Barlow or Lin to Fossa, Murr, Encompass Communications or any other person or entity.

5.  **Preferential Payments of Fossa Revenues**. Until such time as the Initial Barlow Recovery is complete, Fossa shall pay all its revenues to Barlow. Following the completion of the Initial Barlow Recovery, Fossa shall pay all its revenues to Lin until the Lin Recovery is complete. Following the completion of the Lin Recovery, Fossa shall pay all its revenues to Barlow until the Final Barlow Recovery is complete. If Barlow expends any funds in relation to Fossa following the completion of the Initial Barlow Recovery, then Barlow shall once again have preferential right to Fossa's revenues until such time as such additional funds are repaid. If Lin expends any funds in relation to Fossa following the completion of the Lin Recovery, then Lin shall once again have preferential right to Fossa's revenues, second only to Barlow's preferential right for funds expended in relation to Fossa, until such time as such additional funds are repaid.

6.  **Following Full Recovery**. Following the completion of the Initial Barlow Recover, the Lin Recovery and the Final Barlow Recovery, Fossa shall distribute its revenues and/or profits to its ultimate beneficial owners in accordance with their percent ownership interest in Fossa and otherwise in accordance with applicable law, statute or agreement.

7.  **Security Interest and Collateral**. Fossa's obligation to complete the Initial Barlow Recovery and Final Barlow Recovery is secured by a security interest (the "Security Interest") in favor of Barlow of all assets, accounts, fixtures, machinery, equipment, stock, intellectual property, accounts receivable and all other tangible and intangible property and assets of Fossa, wherever located, now or in the future, including after acquired property and assets (collectively, the "Collateral"). By executing this Agreement, Fossa hereby grants the Security Interest in the Collateral to Barlow. Barlow is not required to rely upon the Security Interest and/or the Collateral secured therein for the completion of the Initial Barlow Recovery and the Final Barlow Recovery, but, in the event of default by Fossa or its dissolution or otherwise, Barlow may proceed directly against Fossa. Fossa agrees to do all such things, take all such actions and execute all such documents as requested by Barlow in order to perfect or record the Security Interest.

8.  **Fossa's Further Covenants**. Until such time as the Initial Barlow Recovery and the Final Barlow Recovery are complete, Fossa shall not, and Lin shall not cause Fossa, to take any action outside the ordinary course of business without the express prior written consent of Barlow, including, without limitation, the following:

2



    a.    Voluntarily placing Fossa in bankruptcy, insolvency, dissolution, liquidation or debt restructuring;

    b.    Selling substantial assets or incurring substantial liabilities;

    c.    Issuing, selling or transferring ownership interests in Fossa, whether by sale, merger, acquisition or otherwise;

    d.    Materially impairing the value of the assets of Fossa;

    e.    Assigning or granting security interests or liens in Fossa, its ownership interests or its assets;

    f.    Creating, acquiring or holding shares in any subsidiary or other company, or disposing of any subsidiary shares that are already owned;

    g.    Allowing any other person or individual to manage or operate Fossa;

    h.    Appointing or dismissing Fossa's book keeper, accountant, independent or statutory auditor;

    i.    Engaging, hiring or firing any employee, agent contractor or vendor;

    j.    Making any loan or advance to any person;

    k.    Changing the principle business of Fossa or entering into new lines of business, or discontinuing the current line of business; or

    l.    Otherwise interfering with the assets, goodwill or business of Fossa.

9.    **Confidentiality**. The Parties hereto shall maintain this Agreement, including each of its terms, strictly confidential and shall not disclose the Agreement or its terms to anyone not a Party to this Agreement, other than their spouses, attorneys or tax advisors (and then only to the extent that such individuals or entities agree to be bound by the same terms of confidentiality), except as may be required by the terms of this Agreement, by court order, by government authorities or as may be reasonably necessary to comply with reporting, tax or other similar obligations.

10.    **Applicable Law, Venue and Jurisdiction**. This Agreement shall be governed by and construed in accordance with the laws of Anguilla. Any suit, action or proceeding arising with respect to this Agreement shall be brought in the courts located in Anguilla. Each of the parties hereto hereby submit and consent to the exclusive jurisdiction of such courts for the purposes of any suit, action or proceeding and hereby irrevocably waives any objection to such venue on the basis of lack of personal jurisdiction or inconvenient forum.

11.    **General Terms**.

    a.    *Entire Agreement; Amendments*. This Agreement embodies the entire agreement and understanding of the parties with respect to the transactions contemplated by this Agreement. This Agreement supersedes all prior discussions, negotiations, agreements and understandings (both written and oral) between the parties with respect to the transactions contemplated hereby that are not reflected or set forth in this Agreement. This Agreement may only be amended in a writing executed by all parties.

    b.    *Assignment*. Barlow or Lin may respectively assign their right to revenues from Fossa hereunder. Except as permitted in the previous sentence, no party may assign

 

3

or transfer this Agreement or any portion hereunder with the prior written consent of the other parties. Any prohibited assignment or transfer is null and void.

      c.    *Severability*. If any provision of this Agreement, or the application of any such provisions to either of the parties is held by a court of competent jurisdiction to be invalid, unlawful or unenforceable, (i) the remaining provisions of this Agreement will nonetheless be valid and enforceable and shall remain in full force and effect, and will not be affected, impaired or invalidated in any manner, (ii) such determination shall not affect the validity, lawfulness or enforceability of this Agreement in any other jurisdiction, and (iii) the invalid, unlawful or unenforceable provision will be deemed superseded by a valid, lawful and enforceable provision that most closely matches the intent of the original provision.

      d.    *Third Parties*. Nothing herein is intended, nor will be deemed to confer rights or remedies upon any third party.

      e.    *Interpretation*. The headings in this Agreement are inserted for convenience of reference only and are not to be considered in the interpretation or construction of the provisions hereof. The singular of any term shall include the plural, and vice versa. All uses of "including" herein shall be interpreted to mean "including, but not limited to."

      f.    *Counterparts*. This Agreement may be executed in two counterparts, each of which, when so executed and delivered, shall be an original, but both of which together shall constitute one and the same instrument.

      g.    *Language*. If this Agreement is executed in English and any other language, in the event of a conflict between the English version and the foreign translation, the terms of the English version shall control.

      h.    *Languages*. If this Agreement is translated and executed into any language in addition to English, then in case of any conflict between the English version and the translated version, the terms of the English version shall be controlling.

12.    **WAIVER OF CONFLICT**. THIS AGREEMENT WAS IN PART PREPARED BY ATTORNEY MATTHEW SHAYEFAR, ATTORNEY VAL GURVITS AND BOSTON LAW GROUP, PC (THE "ATTORNEYS"). EACH OF THE PARTIES HERETO CONSENT TO THE ATTORNEYS' PREPARATION OF THIS AGREEMENT. EACH OF THE PARTIES HERETO WAIVE ANY CONFLICTS THAT THE ATTORNEYS' PREPARATION OF THIS AGREEMENT MAY HAVE WITH THE INTEREST OF SUCH PARTIES. EACH OF THE PARTIES HEREBY CONFIRM THAT THE ATTORNEYS DID NOT AND DO NOT REPRESENT ANY OF THEM IN CONNECTION WITH THE PREPARATION OF THIS AGREEMENT AND THAT THE ATTORNEYS DID NOT ADVISE ANY OF THEM REGARDING THE CONTENTS, PURPOSE OR SUITABILITY OF THIS AGREEMENT OR THE UNDERLYING BUSINESS TRANSACTION. EACH OF THE PARTIES CONFIRM THAT THEY HAD THE OPPORTUNITY TO SEEK INDEPENDENT LEGAL ADVICE REGARDING THIS AGREEMENT FROM COUNSEL OF THEIR CHOOSING AND DID NOT RELY ON ANY STATEMENT MADE BY THE ATTORNEYS.



**IN WITNESS WHEREOF**, this Agreement is executed under seal as of the Effective Date.

**BARLOW**
**Steven Barlow**

By: _____
Name: Steven Barlow, Individually

**LIN**
**I Jian Lin**

By: _____
Name: I Jian Lin, Individually

**FOSSA**
**Fossa Ltd.**

By: _____
Name: Steven Barlow
    On behalf of Fossa Ltd.

and

By: _____
Name: I Jian Lin
    On behalf of Fossa Ltd.

**FOSSA**
**Fossa Enterprises ehf**

By: _____
Name: Steven Barlow
    On behalf of Fossa Enterprises ehf

and

By: _____
Name: I Jian Lin
    On behalf of Fossa Enterprises ehf