## REGISTER OF SHAREHOLDERS

### Fossa Ltd.

| Folio No. | Name of Shareholder | Occupation | Address | Number of Shares | Distinctive Number of Shares Both inclusive From – To | Date of Entry as Shareholders | Date at which the person named ceased to be a Shareholder in respect of set opposite such date in next column | Distinctive Number of shares referred to in the preceding column | Remarks |
|---|---|---|---|---|---|---|---|---|---|
| 1. | John Benjamin | Lawyer/ Managing Director | Hannah-Waver House The Valley Anguilla | 50,000 | ----------------- | 04-November-2014 | | | |

## REGISTER OF DIRECTORS

### Fossa Ltd.

| FOLIO NO. | Name of Director | Nationality | Address | Date of Appointment | Date of Resignation |
|---|---|---|---|---|---|
| 2. | Mr. John Benjamin | British | Little Harbour Drive Anguilla | 04-November-2014 | |

## Fossa Ltd.

MINUTES of the Annual Meeting of the shareholders held at Hannah-Waver House, The Valley Anguilla on the 04 day of November, 2014, 2014 at the hour of 10:00 (am)

1. **Present Were:** Mr. John Benjamin for and on behalf of A.G.M International Limited &

## 2. Constitution of Meeting

The meeting was called to order by Mr. John Benjamin who acted as Chairman of the meeting.

## 3. Election of Directors

The Chairperson stated that it was now in order to proceed with the election of director(s) duly made, seconded and unanimously carried, the following resolution was passed:

**BE IT RESOLVED THAT** Mr. John Benjamin is hereby elected as director(s)/guarantors of the Corporation to hold office for the ensuing year or until their successor(s) are elected or appointed or they otherwise cease to hold Office.

## 4. Election of Officers

The Guarantor(s) stated that it was now in order to proceed with the election of Officers duly made, seconded and unanimously carried, the following resolution was passed:

**BE IT RESOLVED THAT** Mr. John Benjamin be appointed as Secretary/Chairman of the Corporation.

## 5. Issuing of Shares

**BE IT RESOLVED THAT** the **50,000 (shares)** of the Company be allotted and issued as follows:-

Mr. John Benjamin                    50,000 (shares)
**Total shares issued**          **50,000 (shares)**

## 6. Confirmation of Proceedings

On motion duly made, seconded and unanimously carried, the following resolution was passed:

**BE IT RESOLVED THAT**: all by-laws, resolutions, contracts, acts, and proceedings of the board of directors, shareholders and officers of the Corporation enacted, passed, made, done, as the same are set forth or referred to in the minutes of the Corporation or in the financial statements submitted to the shareholders of the Corporation on this date are hereby approved, ratified, sanctioned and confirmed.

## 7. Termination

There being no further business, on motion duly made, seconded and unanimously carried, the meeting was terminated.

.......................................
Mr. John Benjamin
Shareholder



# ANGUILLA

## INTERNATIONAL BUSINESS COMPANIES ACT, 2000

### CERTIFICATE OF INCORPORATION

**(Section 8)**

Company Number : **2328479**

The Registrar of Companies hereby certifies that

**Fossa Ltd.**

Is this day incorporated.



Registrar of Companies
Dated this 4th day of November, 2014

# ANGUILLA

## ARTICLES OF INCORPORATION

INTERNATIONAL BUSINESS COMPANIES ACT, 2000

_____ (Section 8) _____



**1.** Company Name    Fossa Ltd.

**2.** Registered Office

| Address | Mailing Address |
|---|---|
| Hannah Waver House | P.O. Box 801 |
| The Valley | The Valley |
| Anguilla | Anguilla |
| British West Indies | British West Indies |

**3.** Registered Agent

| Name | Address |
|---|---|
| Benjamine Company Services Limited | Hannah Waver House |
| | The Valley |
| | Anguilla |
| | British West Indies |

**4.** Share Capital

| Type of Share Capital | No Par Value Shares |
|---|---|
| Maximum no. of shares that the company is authorised to issue | 50,000 |

| Share Classes Class | Total Shares | From _(Where shares are issued in series)_ | To |
|---|---|---|---|
| ORDINARY | 50,000 | | |

**4.1** The aggregate par value of all shares    0.00 United States Dollar(s)

| Share Class | Par Value of Each Share |
|---|---|
| ORDINARY | No Par |

REGISTRAR OF COMMERCIAL ACTIVITIES
Anguilla W.I.
FILED
NOV 0 4 2014

**4.2** The Rights, Privileges, Restrictions and Conditions attached to each class of share

| Class | Rights |
|---|---|
| ORDINARY | N/A |

**4.3** If a class of shares can be issued in series, the authority given to the directors to fix the number of shares in, or to determine the designation of, and the rights, privileges, restrictions and conditions attaching to the shares of each series.

N/A

Restrictions, if any, on the share transfer

| Share Class | Restrictions |
|---|---|
| ORDINARY | N/A |

**5.** Restrictions if any on business the company may carry on.

The Company shall not:

a) carry on business with persons resident in Anguilla;

b) carry on banking or trust business within the meaning of the Offshore Banks and Trust Companies Act, 2000;

c) carry on business as an insurance or reinsurance company, insurance agent, insurance broker or insurance manager;

d) carry on company management business within the meaning of the Company Management Act, 2000;

e) own or hold an interest, whether legal or beneficial, in real property situate in Anguilla, other than property referred to in subsection 3(2)(e) of the International Business Companies Act, 2000.

f) carry on mutual funds business within the meaning of the Mutual Funds Act 2004;

**6.** Other Provisions

None

**7.** Does the company elect to be subject to the provisions of Sections 78 to 82 (Registration of Charges)?

NO

**8.** Incorporator's Name          Address





REGISTRAR OF COMMERCIAL ACTIVITIES
FILED
NOV 0 4 2014
Anguilla W.I.




The Valley
Anguilla
British West Indies

---

9.   **Submitted and digitally signed by**      Latoya Richardson
     **Office held**                            Administrative Secretary
     **For and on behalf of**                   Benjamine Company Services Limited

     **Address**                                **Mailing Address**

     Hannah Waver House                         P.O. Box 801
     The Valley                                 The Valley
     Anguilla                                   Anguilla
     British West Indies                        British West Indies

---

**For Registry Use Only**

Company No       2328479
Agent Code       BENJAMIN
Date Filed       4th Day of November 2014

SCHEDULE 1

(Section 1)

THE INTERNATIONAL BUSINESS COMPANIES ACT R.S.A.c I20

BY-LAW NO.1

A By-Law relating generally to the
Conduct of the affairs of a company Continued under the International Business
Companies Act:

**Fossa Ltd.**

**BE IT ENACTED** as the general By-Law of **Fossa Ltd.,** (hereinafter called the''
Company'') as follows:

## 1.0   <u>INTERPRETATION</u>

1.1   In this by-law and all other by laws of the international business company,
unless the context otherwise requires:

1.2

(a)   "Act" means the International Business Companies Act R.S.A.c I20
from time to time amended  and every statute substituted therefore
and, in case of such substitution, any reference in the by-laws of the
Company to the provisions of the Act shall be read as references to
the provisions situated therefore in the new statute or statutes;

(b)   "Company" means the international business company;

(c)   "by-laws" means any by-law of the Company from time to time in
force;

(d)   all terms contained in the by-laws and defined in the Act or the
Regulations shall have the meanings given to such terms in the Act or
the Regulations; and

1

(e)   the singular includes the plural and the plural includes the singular; the masculine gender includes the feminine and neuter genders; the word person" includes bodies corporate, companies, partnerships, syndicate, trusts and any association of persons; and the word "individual" means a   natural person.

## 2.0   **REGISTERED OFFICE**

2.1   The registered office of the Company shall be in Anguilla at such address as the directors may fix from time to time by resolution.

## 3   **SEAL**

3.1   The common seal of the Company shall be such as the directors may by resolution from time to time adopt.

## 4.0   **DIRECTORS**

4.1   **POWERS**: The business and affairs of the Company shall be managed by the directors.

4.2   **NUMBERS**: There shall be a minimum of one (1) **DIRECTOR**.

4.3   **ELECTION**: Director (s) shall be elected by the shareholders on a show of hands unless a ballot is demanded in which case such election shall be by ballot.

4.4   **TENURE**: Unless their tenure is sooner determined, a director shall hold office until the first meeting of the company succeeding the incorporation or continuance of the Company and thereafter during the terms for which they are elected, not exceeding terms expiring later than the close of the annual meeting of the shareholders of the Company following their election.  Directors shall be eligible for re-election if qualified.

4.4.1   A director shall cease to be a director:

(a)   If he becomes bankrupt or compounds with his creditors or is declared insolvent;

(b)   If he is found to be of unsound mind; or

2

(c)   Such resignation shall be effective at the time it is sent to the Company or at the time specified in the notice whichever is later.

4.4.2   The shareholders of the Company may, by ordinary resolution passed at a special meeting of the shareholders, remove any director from office and a vacancy created by the removal of a director may be filled at the meeting of the shareholders at which the director is removed.

4.4.3   Vacancies among the directors of the Company, including a vacancy occurring pursuant to paragraph 4.4.2 hereof, may be appointed by a quorum of the directors of the Company.

4.5   Any director may by written notice to the Company appoint any person to be his alternate to act in his place at meetings of the directors at which he is not present or by the by-laws deemed to be present but the directors must approve or disapprove the appointment of such persons and give notice to the director within a reasonable time.  Every alternate shall be entitled to attend and vote at meetings at which the person who appointed him is not present or deemed to be present and if he is a director, to have separate vote on behalf of the director he is representing in addition to his own vote.  A director may at any time by written notice to the company revoke the appointment of an alternate appointed by him.  The remuneration payable to such an alternate shall be payable out of the remuneration of the director appointing him.

4.6   A person, who is a director of the Company but who is not an individual, shall by such procedure as may be appropriate for the management of the business and affairs of such person appoint an individual to act as such person's representative as director of the Company with power to exercise all of the powers of a director of the Company but the person who appoints any such individual shall remain fully liable as a director of the Company notwithstanding any such appointment.  A duly certified copy of the resolution such individual acts as representative as aforesaid.  Any person individual under the provisions of this paragraph may from time to time revoke the appointment of any such individual and appoint another in his place or stead.

4.7   **DELEGATION OF POWERS**: The directors may delegate powers to committees, a Managing Director or Officers of the Company.

3

5.0    **BORROWING POWERS OF DIRECTORS**

5.1    The directors may from time to time:

   (a)   Borrow money upon the credit of the Company

   (b)   Issue, reissue, sell or pledge debentures of the Company
         obligation of any person; and

   (c)   Mortgage, charge, pledge or otherwise create a security interest in all
         or any property of the Company, owned or subsequently acquired to
         secure any obligation of the Company.

5.2    The directors may from time to time by resolution delegate to any officer
       of the Company all or any of the powers conferred on the directors by
       paragraph 5.1 hereof to the full extent thereof or such lesser extent as the
       directors may in any such resolution provide.

5.3    The powers conferred by paragraph 5.1 hereof shall be in supplement of
       and not in substitution for any powers to borrow money for the purposes
       of the Company possessed by its directors or officers independently of a
       borrowing by-law.

6.0    **MEETINGS OF DIRECTORS**

       **PLACE OF MEETING**: Meetings of the director (s) and of any committee
       of the director (s) may be held within or outside Anguilla.

6.2     **NOTICE**: A meeting of the directors may be convened at any time by any
       director or the Secretary, when directed or authorized by any director.
       The notice of any such meeting need not specify the purpose of or the
       business to be transacted at the meeting.  Notice of any such meeting shall
       be served in the manner specified in paragraph 18.1 hereof not less than
       two days (exclusive of the day on which the notice is delivered or sent but
       inclusive of the day for which notice is given) before the meeting is to take
       place.  A director may in any manner waive notice of a meeting if the
       director attends a meeting for the express purpose of objecting to the
       transaction of any business on the grounds that the meeting is not lawfully
       called.

4

6.2.1. It shall not be necessary to give notice of a meeting of the directors to a newly elected or appointed director for a meeting held immediately following the election of directors by the shareholders or the appointment to fill a vacancy among the directors.

6.3     **QUORUM**:   One (1) Member of the Board of Directors shall form a quorum for the transaction of business and, not withstanding any vacancy among the Directors, a quorum may exercise all the powers of the directors.  No business shall be transacted at a meeting of directors unless a quorum is present.   However, a quorum of one will suffice in circumstances as determined by the directors where there exists a conflict of interest requiring one or more directors to abstain from voting.

6.3.1   A director may, if all the directors consent, participate in a meeting of directors or of any committee of the directors by means of such telephone or other communications facilities as permit all persons participating in the meeting to bear each other and a director participating in such a meeting by such means is deemed to be present at that meeting.  If a director participating in such a meeting is then in Anguilla, the meeting shall be deemed to have been held in Anguilla.

6.4     **VOTING**: Questions arising at any meeting of the directors shall be decided by a majority of votes.  In case of an equality of votes, the chairman of the meeting in addition to his original vote shall have a second or casting vote.

6.5     **RESOLUTION IN WRITING**: Notwithstanding any of the foregoing provisions of this by-law a resolution in writing signed by all the directors entitled to vote on that resolution at a meeting of the directors is as valid as if it had been passed at a meeting of the directors or any committee of the directors.

7       **REMUNERATION OF DIRECTORS**

7.1     The remuneration to be paid to the directors shall be such as the shareholders may from time to time determine and such remuneration may be in addition to the salary paid to any officer or employee of the Company who is also a director, unless otherwise resolved by the shareholders. The directors may award special remuneration to any

director undertaking any special services on the Company's behalf other than the routine work ordinarily required of a director and the confirmation of any such resolution or resolutions by the shareholders shall not be required.  The directors shall also be entitled to be paid their traveling and other expenses properly incurred by them in connection with the affairs of the Company.

8.0    **SUBMISSION OF CONTRACTS OR TRANSACTIONS TO SHAREHOLDER FOR APPROVAL**

8.1    The directors in their discretion may submit any contract, act or transaction for approval or ratification at any annual meeting of the shareholders called for the purpose of considering the same and, any such contract, act or transaction that is approved or ratified or confirmed by resolution passed by a majority of the votes cast  at any such meeting (unless any different additional requirement is imposed by the Act or by the Company's articles or any other by-laws shall be as valid and as binding upon the company and upon all the shareholders as though it  had been approved, ratified or confirmed by every shareholder of the Company.

9.0    **FOR THE PROTECTION OF DIRECTORS AND OFFICERS**

9.1    No director or officer of the Company shall be liable to the Company for:

(a)    the acts, receipts, neglects or defaults of any other director or officer or employee or for joining in any receipt or act for conformity;

(b)    any loss, damage or expense incurred by the company through the insufficiency of title to any property acquired by the Company or for or on behalf of the Company;

(c)    the insufficiency or deficiency of any security in or upon which any of the moneys of or belonging to the Company shall be placed out or invested;

(d)    any loss or damage arising from the bankruptcy, insolvency or tortuous  act of any person, including any person with whom moneys  securities or effects shall be lodged or deposited;

(e)   any loss, conversion, misapplication or misappropriation of or any damage resulting from any dealings with any moneys, securities or other assets belonging to the Company;

(f)   any other loss, damage or misfortune whatever which may happen in the execution of the duties of his respective office or trust or in relation thereto; unless the same happens by or through his failure to exercise the powers and to discharge the duties of his office honestly and in good faith with a view to the best interests of the Company and in connection therewith to exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances.

9.2   Nothing herein contained shall relieve a director or officer from the duty to act in accordance with the Act or regulations made thereunder or relieve him from liability for a breach thereof.

9.3   The directors for the time being of the Company shall not be under any duty or responsibility in respect of any contract, act or transaction whether or not made, done or entered into in the name or on behalf of the Company, except such as are submitted to and authorized or approved by the directors.

9.4   If any director or officer of the Company is employed by or performs services for the Company otherwise than as a director or officer or is a member of a firm or a shareholder, director or officer of a body corporate which is employed by or performs services for the Company, the fact of his being a shareholder, director or officer of the Company shall not preclude such director or officer or such firm or body corporate, as the case may be, from receiving proper remuneration for such services.

10.0   **INDEMNITIES TO DIRECTORS AND OFFICERS**

10.1   Subject to Section 51 of the Act, the Company shall indemnify a director or person who acts or acted at the Company's request as a director or officer of a body corporate of  which the Company is or was a shareholder or creditor, and his personal representatives, against all costs, charges and expenses, including an amount paid to settle an action or satisfy a judgment, reasonably incurred by him in respect of any civil, criminal or

7

administrative action or proceeding to which he is made a party by reason of being or having been a director or officer of such company, if:

(a)   he /she acted honestly and in good faith with a view to the best interests of the Company; and

(b)   In the case of a criminal or administrative action or proceeding that is enforced by a monetary penalty, he /she had reasonable grounds for believing that this conduct was lawful.

## 11.0   OFFICERS

11.1   **APPOINTMEN**T: The directors shall, as often as may be required, designate such offices and appoint such officers as the directors deem necessary.

11.2   **REMUNERATION**: The remuneration of all officers appointed by the directors shall be determined from time to time by resolution of the directors.  The fact that any officer or employee is a director or shareholder of the Company shall not disqualify him from receiving such remuneration as may be determined.

11.3   **POWERS AND DUTIES**: All officers shall sign such contracts, documents or instruments in writing as require their respective signatures and shall respectively have and perform all powers and duties incident to their respective offices and such other powers and duties respectively as may from time to time be assigned to them by the directors.

11.4   **DELEGATION**: In case of the absence or inability to act of any officer of the Company, except a Managing Director, or for any other reason that the directors may deem sufficient the directors may delegate all or any of the powers of such officer to any other officer or to any director.

11.5   **VACANCIES**: If the office of any officer of the Company becomes vacant by reason of death, resignation, disqualification or otherwise, the directors by resolution shall, in the case of the Secretary, and may in the case of any other office, appoint a person to fill such vacancy.

11.6   **TENURE**: Unless he vacates office under paragraph 11.1 or 11.5 hereof, an officer, who is a director shall continue in office for so long as he is a

8

director of the Company notwithstanding at from time to  time, his term of office as a director may expire and he may be re-elected a director of the Company.

## 12.0   SHAREHOLDER'S MEETINGS

12.1   **ANNUAL MEETING**: Subject to the provisions of Section 54 of the Act, the annual meeting of the shareholders shall be held on such day in each year and at such time as the directors may by resolution determine at any place within Anguilla or, if all the shareholders entitled to vote at such meeting so agree, outside Anguilla.

12.2   **SPECIAL MEETINGS**: Special meetings of the shareholders may be convened by order of the directors at any date and time and at any place within Anguilla or, if all the shareholders entitled to vote at such meeting so agree, outside Anguilla.

12.3   **NOTICE**: A printed, written, typewritten notice or notice given by electronic means stating the day, hour and place of meeting shall be given by serving such notice on each shareholder entitled to vote at such meeting, on each director and on the auditor of the Company in the manner specified in paragraph 18.1 hereof, not less than seven days before the date of the meeting.  Notice of a meeting at which special business is to be transacted shall state (a) the nature of that business in sufficient details to permit the shareholder to form a reasonable judgment thereon, and (b) the text of any special resolution to be submitted to the meeting.

12.4   **WAIVER OF NOTICE**: A shareholder and any other person entitled to attend a meeting of shareholders and attendance of any such person at a meeting of shareholders shall constitute a waiver of notice of the meeting except where such person attends a meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called.

12.5   **OMISSION OF NOTICE**: The accidental omission to give notice of a meeting or any irregularity in the notice of any meeting or the non-receipt of any notice by any shareholder director or the auditor of the Company shall not invalidate any resolution passed or any proceedings taken at any meeting of the shareholders.

12.6   **VOTES**: Every question submitted to any meeting of shareholders shall be decided by a show of hands unless a person entitled to vote at the meeting shall demand a ballot and, if the articles so provide, in the case of an equality of votes the chairman of the meeting shall on a ballot have a casting vote in addition to any votes to which he may be otherwise entitled.

12.6.1 At every meeting at which he is entitled to vote, every shareholder, proxy holder or individual authorized to represent a shareholder, who is present in person shall have one vote on a show of hands.  Upon a ballot at which he is entitled to vote, every shareholder shall, subject to the articles, have one vote for every share held by the shareholder.

12.6.2  At any meeting, unless a ballot is demanded, a declaration by the chairman of the meeting that a resolution has been carried or carried unanimously or by a particular majority or lost or not carried by a particular majority shall be conclusive evidence of the fact.

12.6.3  A ballot may, either before or after any vote by a show of hands, be demanded by any person entitled to vote at the meeting.  If at any meeting a ballot is demanded on the election of a chairman or on the question of adjournment it shall be taken forthwith without adjournment. If at any meeting a ballot is demanded on any other question or as to the election of directors the vote shall be taken by ballot in such manner and either at once, later in the meeting or after adjournment as the chairman of the meeting directs. The result of a ballot was demanded. A demand for a ballot may be withdrawn.

12.6.4  If two or more persons hold shares jointly, one of those holders present at a meeting of shareholders may, in the absence of the other, vote on the shares; but if two or more of those persons who are present, in person or by proxy, vote, they must vote as one on the shares jointly held by them.

12.7    PROXIES: Votes at meetings of shareholders may be given either personally or by proxy or, in the case of a shareholder who is a body corporate or association, by an individual authorized by a at a meeting of shareholders the Company and a body corporate or association so represented   shall be deemed to be present in person resolution of the directors or governing body of that body resolution or association to represent it

12.7.1  A proxy shall be executed by the shareholder or his attorney authorized in writing and is valid only at the meeting in respect of which it is given or any adjournment thereof.

12.7.2  A person appointed by proxy need not be a shareholder.

12.7.3  Subject to section 54 of the Act, a proxy may be in the following form:

**Fossa Ltd.,** hereby appoints................as the Proxy of the undersigned to attend and act for the undersigned and on behalf of the undersigned at the meeting of the shareholders of the said Company to be held on the ...............day of ................... 2014 any adjournment or adjournments thereof in the same manner, to the same extent and with the same powers as if the undersigned were present at the said meeting or such adjournment or adjournments thereof.

Dated this ....................day of ..................... 2014

**Signature of Shareholder**.

12.8     ADJOURNMENT: The chairman of any meeting may with the consent of the meeting adjourn the same from time to time to a fixed time and place and no notice of such adjournment need be give to the shareholders, unless the meeting is adjourned by one or more adjournments for an aggregate of thirty days or more in which case notice of the adjourned meeting shall be given as for original meeting. Any business that might have been brought before or dealt with at the original meeting in accordance with the notice calling the same may be brought before or dealt with at any adjourned meeting for which no notice is required.

12.9     QUORUM: Subject to the Act, a quorum of shareholders is present at a meeting of shareholders if at least one or more of the shareholder holding 2/3 or more of the shares entitled to vote at the meeting present in person or by proxy.  If there is only one shareholder entitled to vote at any meeting, he shall constitute a meeting if present in person or by proxy as provided by Section 54 of the Act.  If a quorum is present at the opening of any meeting of the shareholders the shareholders present or represented may proceed with the business of the meeting notwithstanding a quorum is not present throughout the meeting.  If a quorum is not present within

thirty minutes of the time appointed for a meeting of shareholders, the meeting shall stand adjourned to the same day two weeks thereafter at the same time and place; and, if at the adjourned meeting a quorum is not present within thirty minutes of the appointed time, the shareholders present constitute a quorum.

12.10   RESOLUTION IN LIEU MEETING: Notwithstanding any of the foregoing provisions of this by-law, a resolution in writing signed by all the shareholders entitled to vote on that resolution at a meeting of the shareholders is, as valid as if it had been passed at a meeting of the shareholders.

13.0   **SHARES:**

13.1   ALLOTMENT AND ISSUANCE: Subject to the Act and the articles, shares of the Company may be allotted and issued by resolution of the directors at such time and on such terms and conditions and to such persons or class of person as the directors determine.

13.2   CERTIFICATES: Share certificates and the form of share transfer shall, subject to Part 1 of the Regulations, be in such form as the directors may by resolution approve and such certificates shall be signed by any two officers or directors.

13.2.1 The directors or any agent designated by the directors may in their or his discretion direct the issuance of a new share or other such certificate in lieu of and upon cancellation of a certificate that has been mutilated or in substitution for a certificate claimed to have been lost, destroyed or wrongfully taken, on payment of such reasonable fee and on such terms as to indemnity, reimbursement of expenses and evidence of loss and of title as the directors may from time to time prescribe, whether generally or in any particular case.

14.0   **TRANSFER OF SHARES AND DEBENTURES**

14.1   TRANSFER: The shares or debentures of the Company may be transferred by a written instrument of transfer signed by the transferor and naming the transferee.

14.2   REGISTERS: Registers of shares and debentures issued by the Company shall be kept at the registered office of the Company or at such other place in Anguilla as may from time to time be designated by resolution of the directors.

14.3   SURRENDER OF CERTIFICATES: Subject to Part 1 of the Regulations, no transfer of shares or debentures of the Company shall be registered unless or until the certificate representing the shares or debentures to be transferred has been surrendered for cancellation.

14.4   SHAREHOLDER INDEBTED TO THE COMPANY:  If so provided in the articles, the Company has a lien on a share registered for a debt of that shareholder to the Company.  By way of enforcement of such lien, the directors may refuse to permit the registration of a transfer of such share.

15.0   **DIVIDENDS**

15.1   The directors may from time to time by resolution declare and the Company may pay dividends on the issued and outstanding shares in the capital of the Company subject to the provisions (if any) of the articles and Section 30 of the Act.

15.11   In case several persons are registered as the joint holder of any shares, any one of such persons may give effectual receipts for all dividends and payments on account of dividends.

16.0   **VOTING IN OTHER COMPANIES**

16.1   All shares or debentures carrying voting rights in any other body corporate that are held from time to time by the Company may be voted, at any and all meetings of shareholders, or debenture holders, as the case may be, of such other body corporate, in such manner and by such person or persons as the directors of the company shall from time to time determine.  The officers of the Company may for and on behalf of the Company from time to time:

(a)   execute and deliver proxies, and

(b)   arrange for the issuance of voting certificates or other evidence of the right to vote; in such names as they may determine without the necessity of resolution or other action by the directors.

17.0   **INFORMATION AVAILABLE TO SHAREHOLDERS**

17.1   Except as provided by the Act, no shareholder shall be entitled to any information respecting any details or conduct of the Company's business which in the opinion of the directors would be contrary to the interest of the Company to communicate to the public.

17.2   The directors may from time to time, subject to rights conferred by the Act, determine whether and to what extent and at what time and place and under what conditions or regulations the documents, books and registers and accounting records of the Company or any of them shall  be open to the inspection of shareholders and no shareholder shall have any right to inspect any  document or book or register or  accounting record of the Company except as conferred by statute or authorized by the directors

17.3   or by a resolution of the shareholders.

18.0   **NOTICES**

18.1   METHOD OF GIVING NOTICE: Any notice or other documents required By the Act, the articles or the By- laws to be sent to any shareholder, debenture holder, director or auditor may be delivered personally or sent  by prepaid mail or cable, telex or other electronic means to any such person at his last address as shown in the records of the Company's transfer agent and to any such  director at his last address as shown in the records of the Company and to the auditor at his business address.

18.2   WAIVER OF NOTICE: Notice may be waived or the time for the notice may be waived or abridged at any time with the consent in writing of the person entitled thereto.

18.3   UNDELIVERED NOTICES: If a notice or document is sent to a shareholder or debenture holder by prepaid mail in accordance with this paragraph and the notice or document is returned on three consecutive occasions because the shareholder or debenture holder cannot be found, it

shall not be necessary to send any further notices or documents to the shareholder or debenture holder until he informs the Company in writing of his new address.

18.4   SHARES AND DEBENTURES REGISTERED IN MORE THAN ONE NAME: All notices or other documents with respect to any shares or debentures registered in the names of more than one person shall be given to whichever of such persons is named first in the records of the Company and any notice or other document so given shall be sufficient notice of delivery to all the holders of such shares or debentures.

18.5   PERSONS BECOMING ENTITLED BY OPERATION OF LAW:-  Every person who by operation of law transfer or buy any shares or debentures registered in the names of more than one person shall be given to whichever of such persons is named first in the records of the Company any notice or other document so given shall be sufficient notice of delivery to all  the holders of such shares or debentures

18.6   DECEASED SHAREHOLDER: Any notice or other document delivered or sent by prepaid mail, cable, telex or other electronic means or left at the address of any shareholder notwithstanding that such shareholder is deceased, and whether or not  the Company has notice of his death, is deemed to have been duly served in respect of the shares held by him whether held solely or with any other person until some other person is entered in his stead in the records of the Company as the holder or one of the holders thereof and such service shall for all purposes be deemed a sufficient service of such notice or document on his personal representatives and on all persons, if any, interested in such shares.

18.7   SIGNATURE TO NOTICES: The signature of any director or officer of the Company to any notice or document to be given by the Company may be written, stamped, typewritten or printed or partly written, stamped, typewritten or printed.

18.8   COMPUTATION OF TIME: Where a notice extending over a number of days or other period is required under any provisions of the articles or the by-laws the day of sending the notice shall, unless it is otherwise provided, be counted in such number of days or other period.

18.9   PROOF OF SERVICE: Where a notice required under paragraph 18.1 hereof is delivered personally to the   person to whom it is addressed or delivered to his address as mentioned in paragraph 18.1 hereof, service shall be deemed to be at the time of delivery of such notice.

18.91   Where such notice is sent by post, service of the notice shall be deemed to be effected forty eight hours after posting if the notice was properly addressed and
posted by prepaid mail.

18.92   A certificate of an officer of the Company in office at the time of the making of the certificate or of any transfer agent of shares of any class of the Company as to facts in relation to the delivery or sending of any notice shall be conclusive evidence of those facts.

19.0   **CHEQUES, DRAFTS AND NOTES**

19.1    All cheques, drafts or orders for the payment of money and all notes and acceptances and bills of exchange shall be signed by such officers or persons and in such manner as the directors may from time to time designate by resolution.

20.0   **EXECUTION OF INSTRUMENTS**

20.1   Contracts, documents or instruments in writing requiring the signature of the Company may be signed by any two officers or directors, and all contracts, documents and instruments in writing so signed shall be binding upon the Company without any further authorization for formality.  The directors shall have power from time to time by resolution to appoint any officers or persons on behalf of the Company either to sign certificates for shares in the Company and contracts, documents and instruments in writing generally or to sign specific contracts, documents or instruments in writing.

20.1.1 An official seal which the Company may have, as it is authorized to do by paragraph 3.2 hereto may be affixed to any document to which the Company is part in the country, district or place where such official seal can be used by a person appointed for that purpose by the Company by an instrument in writing under the common seal

16

21.0   **SIGNATURES**

21.1   The signature of any officer or director of the Company or of any officer or persons, appointed pursuant to paragraph 20.1 hereof by resolution of the directors may, if specifically authorized by resolution of the directors, be printed, engraved, lithographed or otherwise mechanically reproduced upon any certificate for shares in the Company or contract, document or instrument in writing, bond, debenture or other security of the Company executed or issued by or on behalf of the Company.  Any document or instrument in writing on which the signature of any such officer or person is reproduced shall be deemed to have been manually signed by  such officer or person whose signature is so reproduced has ceased to hold office at the date on which such  document or instrument in writing is delivered or issued.

22.0   **FINANCIAL YEAR**

22.1   The directors may from time to time by resolution establish the financial year of the Company.

ENACTED this 04 day of November, 2014

....................................................
Chairman / Secretary

*CORPORATE SEAL*