UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FOSSA LTD., ICELANDICPLUS, LLC, and STEVEN BARLOW,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>I JIAN LIN and ENCOMPASS COMMUNICATIONS, INC.,<br><br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>VALENTIN DAVID GURVITZ, ESQ., BOSTON LAW GROUP, P.C., and SONYA LIVSHITS,<br><br>    Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:16-cv-11914-LTS |

## AFFIDAVIT OF STEVEN BARLOW

I, Steven Barlow, on oath, do depose and say as follows:

1. My name is Steven Barlow. I am over eighteen (18) years of age, and a resident of Boston, Massachusetts. Unless otherwise stated, I make the following statements based upon my own personal knowledge.

2. I own a fifty percent (50%) beneficial interest in the corporate Plaintiffs/ Counterclaim Defendants in this matter, Fossa Ltd. and IcelandicPLUS, LLC, as well as in two other related businesses, Fossa ehf and IcelandicPLUS, ehf (collectively, the "Fossa business").

3. I have been operating the Fossa business alone since the end of July 2016, when my business partner, I Jian Lin ("Mr. Lin"), purported to withdraw from the business claiming

that he and his girlfriend had just experienced a personal tragedy, and that he was going to now focus his life on his girlfriend and not the Fossa business. In addition, he claimed that he was both terminally ill and broke, and that he and his girlfriend had been forced to sell everything that they owned and were rushing off to Taiwan so that he could to have critical surgery performed and receive treatment that would be financially supported by his parents and Taiwan's medical financial aid.

4. As of this date, I have loaned the Fossa business nearly $1 million.

5. In 2013, Mr. Lin established a bank account for my personal use as a sub-account to the bank account for Encompass Communications, Inc. ("Encompass"). At all times relevant to this matter, it has been my understanding that Mr. Lin was the sole owner of Encompass.

6. Prior to the Fossa business engaging Ms. Livshits, Mr. Lin had regularly and strenuously resisted, or simply ignored, requests that he provide appropriate information and documentation concerning the hundreds of thousands of dollars that he claimed to be spending on behalf of the Fossa business through the Encompass primary account.

7. As a result, I asked Ms. Livshits to enter into QuickBooks the transactions reflected in bank statements for the Encompass primary account hoping that this information would help to fill in some of the expense accounting gaps caused by Mr. Lin's refusal to properly document purported business expenses.

8. In doing so, Ms. Livshits discovered that Mr. Lin had, during the period of time between August 1, 2014 and July 31, 2015, misappropriated Fossa business funds reasonably approximated to exceed $100,000 by using Fossa business funds transferred into the Encompass primary account at Mr. Lin's request - purportedly to pay or reimburse Fossa business expenses - to pay Mr. Lin's purely personal expenses.

9. Based upon this discovery, among others, I instructed The Boston Law Group to commence a civil action against Mr. Lin and Encompass seeking, among other remedies, the repayment of all Fossa business funds misappropriated by Mr. Lin.

Signed under the pains and penalties of perjury this 30th day of January, 2017.

_____
Steven Barlow