UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FOSSA LTD., ICELANDICPLUS, LLC, and STEVEN BARLOW, | ) ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | |
| v. | ) ) | |
| I JIAN LIN and ENCOMPASS COMMUNICATIONS, INC., | ) ) ) ) | |
| Defendants/Counterclaim Plaintiffs | ) ) | C.A. No. 1:16-cv-11914-LTS |
| v. | ) ) | |
| VALENTIN DAVID GURVITZ, ESQ., BOSTON LAW GROUP, P.C., and SONYA LIVSHITS, | ) ) ) ) | |
| Counterclaim Defendants | ) ) | |

## DEFENDANTS I JIAN LIN AND ENCOMPASS COMMUNICATIONS, INC.'S MEMORANDUM OF LAW ADDRESSING PLAINTIFFS' CIVIL RICO CLAIMS

Pursuant to this Court's September 29, 2017 Order and Decision on Plaintiffs' Motion to Dismiss Defendants' Counterclaims, Defendants I Jian Lin and Encompass Communications, Inc., respectfully submit this memorandum of law addressing Plaintiffs' RICO claims. In dismissing Defendants' RICO counterclaims, this Court held that Defendants' RICO claims failed to establish a "pattern of racketeering activity" required to bring a claim under 18 U.S.C. § 1962(d). For the same reasons, Plaintiff's RICO claims must also be dismissed.

*Plaintiffs Cannot Establish that Defendants Engaged in a Pattern of Racketeering Activity*

Plaintiffs' claims arise from a failed venture involving the pet food business and obtaining natural products from Iceland to be sold in the United States and elsewhere. Plaintiffs' claim that Defendants wrongfully used funds designated for the interests of the business venture for personal and other unrelated purchases. The alleged misuse of funds forms the crux of Plaintiffs' RICO claims. Among other things Plaintiffs' allege that Defendants and conspirators, through email, text message and telephone calls over interstate commerce, violated 18 U.S.C. §§ 1343, 1956 and 1957. Defendants have denied these allegations. However, even when drawing all reasonable inferences in favor of the Plaintiff, these allegations fail to state a cause of action for a civil RICO claim. Plaintiffs' alleged "scheme" consisting of one overall act within the context of a business venture does not form the basis of a "pattern of racketeering activity."

The First Circuit has consistently held that "RICO is not aimed at a single narrow criminal episode, even if that single episode involves behavior that amounts to several crimes (for example, several unlawful mailings). A single 'scheme' may be reached by RICO, but only if it is reasonable broad and far reaching." Kenda Corp, Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003) (citing Sys. Mgmt., Inc. v. Loiselle, 303 F.3d 100, 105 (1st Cir. 2002). The Plaintiffs' fraud allegations involve the Defendants alleged misuse of funds that Plaintiff Stephen Barlow loaned to Fossa, Ltd. This alleged "scheme," set forth in pages 26-28 of Plaintiffs' Complaint (Doc 1-1 at 31-33) falls short of the broad and far reaching conduct required to establish a pattern of racketeering activity. Rather, it is one overall act concerning the alleged misuse of Fossa funds. *See* Roberts v. Smith Barney, Harris Upham & Co., 653 F. Supp. 406, 412-13 (D. Mass. 1986) (no pattern of racketeering activity where "scheme" involved one broker churning the account of one victim); Miranda v. Ponce Fed. Bank, 948 F.2d 41, 46 (1st Cir. 1991) (multiple

attempts to bribe one person usually amount to only a single predicate act); Exeter Towers Assocs. v. Bowditch, 604 F. Supp 1547, 1554 (D. Mass. 1985) (multiple instances of mail or wire fraud involving a single transaction do not amount to the requisite multiple acts); Effron v. Embassy Suites (Puerto Rico) Inc., 223 F.3d 12, 18 (1st Cir. 2000) (attempt to gain control of a partnership constituted a single event).

## CONCLUSION

The alleged fraudulent misuse of Fossa funds constitutes a single act and not a pattern of racketeering activity. Therefore, Plaintiffs' RICO claims against Defendants must be dismissed. WHEREFORE, Defendants respectfully request that this Court dismiss Counts IX and X of Plaintiffs' Complaint, and remand this matter to Suffolk Superior Court.

Respectfully submitted,

Dated: October 13, 2017

/s/Daniel Murphy
Daniel J. Murphy (BBO No. 685760)
THE MURPHY LAW GROUP, LLC
30 Massachusetts Avenue
North Andover, MA 01845
(978) 686-3200
Email: dm@mlgllc.com

Certificate of Service

I, Daniel J. Murphy, hereby certify that on October 13, 2017, I served the foregoing Notice of Appearance and Request for Notice by causing a true and correct copy of the same to be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Daniel Murphy
Daniel Murphy